# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT THOMAS,**

    **Petitioner,**

**v.**                                    **Civil Action No. 2:09cv134**
                                              **(Judge Maxwell)**

**KUMA DEBOO,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural Background

On November 13, 2009, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, seeking credit on his federal sentence for time served in state custody. On December 7, 2009, he paid the required $5.00 filing fee.

Accordingly, on December 9, 2009, the Court directed the respondent to show cause why the writ should not issue. The respondent filed a Response to Show Cause Order and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on January 8, 2010.

Because the petitioner is proceeding without counsel, the Court issued a Roseboro Notice on January 12, 2010. The petitioner filed his response on February 16, 2010.

This matter is before the undersigned pursuant to LR PL P 83.09, et. seq.

### II. Factual Background

The petitioner was arrested by the State of Illinois on October 1, 2000, for armed robbery. He was held in the Cook County Jail pending disposition of those and various other state charges.

On March 21, 2001, the petitioner was taken into custody by the United States Marshal

Service ("USMS") pursuant to a writ of habeas corpus *ad prosequendum*, and detained at the Metropolitan Correctional Center in Chicago.

The petitioner was indicted on federal charges on May 3, 2001. Specifically, the petitioner was charged with Conspiracy to Possess with Intent to Distribute Heroin and in varying combinations with Possessing with the Intent to Distribute Heroin and Distributing Heroin. The petitioner was arraigned on May 7, 2001, and a federal order of detention issued.

On September 14, 2001, the petitioner was sentenced by the United States District Court for the Northern District of Illinois to a 360-month sentence, to be followed by five years of supervised release. The petitioner was returned to state custody on September 21, 2001.

On October 19, 2001, the petitioner was subsequently sentenced to an aggregate 20 year term of imprisonment by the State of Illinois. The petitioner's state sentence was ordered to run concurrent with his federal sentence and in a federal penitentiary. Accordingly, on December 5, 2001, the petitioner was again taken into the custody of the USMS, who requested his designation to a Bureau of Prisons ("BOP") facility. The petitioner was designated to USP-Pollock in Louisiana.

However, upon the petitioner's arrival at USP-Pollack on January 8, 2002, his sentencing documents were reviewed and it was determined that the petitioner was erroneously designated to federal custody. Therefore, the Marshal Service removed the petitioner from USP-Pollack and returned him to the State of Illinois.

On June 15, 2007, the petitioner's attorney contacted the BOP and requested a *nunc pro tunc* designation to allow the petitioner's federal and state sentences to run concurrent. The BOP conducted a review of the request and in doing so, contacted the federal sentencing judge regarding retroactive designation. In response, the Honorable Suzanne B. Conlon entered an Order in the

2

petitioner's federal criminal case which explicitly states that she did not intend the petitioner's 360 month federal sentence to run concurrent to his state sentence. On August 15, 2007, the petitioner's *nunc pro tunc* designation was denied.

The petitioner was paroled from his 20-year state sentence on November 19, 2008, and was taken into federal custody to commence service of his federal sentence. Therefore, the BOP has calculated the petitioner's federal sentence as commencing on that date. The petitioner has not been granted any prior custody credit because all of the time he previously served was credited to his state sentence. Accordingly, his projected release date, via good time, is now set at January 7, 2035.

### III.    Contentions of the Parties

**A.    The Petition**

In the petition, the petitioner asserts that shortly after receiving his federal sentence, he was sentenced by the State of Illinois. As part of his state plea agreement, his state sentence was run concurrent to his federal sentence. Further, the petitioner asserts that the state court judge stated in her order that the State of Illinois relinquished its custody over him and that he was to serve his state sentence in the Bureau of Prisons. Afterwards, he was released to the USMS and taken into federal custody. The petitioner asserts that because he was received at a federal penal institution for service of his sentence, his federal sentence commenced on that date. The petitioner also asserts that because the state relinquished custody of him and transferred that custody to federal authorities, the BOP had no duty to return him to state custody to complete his state sentence. Once the BOP chose to designate him to a federal facility, the petitioner asserts that he began serving his federal sentence and that he could not then be forced to serve his sentence in installments. Moreover, after he was sent back to state custody, the petitioner asserts that the federal habeas judge in his § 2254

3

proceedings found that he was serving his state and federal sentences concurrently.

B.     **The Respondent's Response and Motion**

The respondent argues that the petition should be dismissed, or judgment granted in his favor, because:

(1)    petitioners' federal sentence is consecutive to his state sentence;

(2)    the State of Illinois did not relinquish primary jurisdiction over petitioner until November 19, 2008;

(3)    an erroneous designation of custody does not constitute a waiver of primary jurisdiction;

(4)    petitioners' federal sentence commenced on November 19, 2008;

(5)    a *nunc pro tunc* designation is not warranted; and

(6)    petitioner is not entitled to any prior custody credit under 18 U.S.C. § 3585(b).

C.     **Petitioner's Response**

For the most part, the petitioner's response to the respondent's motion is merely a reiteration of the claims made in his petition. He does, however, make one additional argument in his response. It is:

(1)that he was not under a writ of habeas corpus *ad prosequendum* when the USMS took him into custody the second time and requested his designation to a Federal BOP facility.

## IV.  Analysis

A. **State Relinquishment**

Although the petitioner raises several issues related to the calculation of his sentence, the crux of his federal habeas petition revolves around whether the state relinquished primary jurisdiction of him to federal authorities on December 5, 2001.

"[P]riority of custody and service of sentence between state and federal sovereigns is a

4

matter of comity to be resolved by the executive branches of the two sovereigns." United States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980). The sovereign that first arrests an individual generally obtains primary jurisdiction. Id. Moreover, primary jurisdiction remains with the first sovereign to obtain a defendant unless it acts affirmatively to relinquish primary jurisdiction. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Such affirmative acts as releasing a defendant on parole, granting him bail, or dismissing pending charges, operate to relinquish primary jurisdiction. Id.

In addition, a state, acting through its executive, may waive the right to primary jurisdiction. Ponzi v. Fessenden, 258 U.S. 254 (1922). Primary jurisdiction may also be effectively relinquished in particular circumstances. See Stephens v. Sabol, 539 F.Supp.2d 489 (D.Mass. 2008)(defendant taken into federal custody for two months after state erroneously informed federal authorities that defendant's state sentence had expired); Shumate v. United States, 893 F.Supp. 137 (N.D.N.Y. 1995)(state and federal courts negotiated conditional plea agreements allowing defendant to serve state and federal time in federal custody even though state had primary jurisdiction, County Attorney executed "Waiver of Primary Jurisdiction" and both state and federal judgments state that the sentences are to run concurrent).

In this case, the following material facts are not in dispute:

(1) the state obtained primary jurisdiction over the petitioner upon his arrest by Illinois law enforcement officials on October 1, 2000.

(2) On March 21, 2001, the petitioner was "borrowed" by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*.

(3) On September 21, 2001, after his federal sentencing, the petitioner was returned to state custody in satisfaction of the writ.

5

(4) On October 19, 2001, the state sentenced the petitioner to an aggregate 20-year term of imprisonment.

(5) The state ordered the petitioner's state sentence run concurrent to his federal sentence and that it be served in a BOP facility.

(6) On December 5, 2001, the USMS took custody of the petitioner and requested designation to a BOP facility.

(7) On January 8, 2002, the petitioner was received at USP-Pollack for service of his federal sentence.

(8) Upon his arrival at USP-Pollack, the BOP reviewed the petitioner's sentencing documents and determined that his designation to a BOP facility was erroneous because the State of Illinois continued to retain primary jurisdiction over him.

(9) On April 11, 2002, the petitioner was removed from USP-Pollack and returned to state custody.

(10) The petitioner remained in state custody until November 19, 2008, when he was paroled from his 20-year state term of imprisonment.

(11) The BOP has calculated the petitioner's sentence as commencing on November 19, 2008, the date he was paroled from his 20-year state term of imprisonment.

(12) The petitioner has not been granted any prior custody credit because all of the time spent in state custody was credited toward his state sentence.

(13) The BOP denied the petitioner's request for *nunc pro tunc* designation.

(14) The federal sentencing court has expressly stated that it did not intend the petitioner's 360 month federal drug sentence to run concurrent with his unrelated state conviction for

armed robbery.

Despite what the petitioner may believe, it is clear from the undisputed facts that the state did not expressly relinquished primary jurisdiction of the petition until November 19, 2008, when he was paroled from his state sentence. Prior to that date, the executive of the State of Illinois took no affirmative act to waive or relinquish primary jurisdiction. Specifically, prior to November 19, 2008, there had been no release to parole, grant of bail, dismissal of the charges or any written waiver of primary jurisdiction. Nor did the state court effectively relinquish custody of the petitioner so that the BOP had an obligation to take him into federal custody and keep him there. The petitioner's State Court Judgment states:

> the above-named Defendant ROBERT THOMAS is to serve his incarceration in the above-captioned matters in the facility set forth by the United States Bureau of Prisons concurrent with his federal case (U.S. vs. Thomas et al) Case # 01 CR 003-9.

Resp't Ex. 1 at Att. D.

Because of this language in the petitioner's state judgment, the state apparently requested that the USMS take custody of the plaintiff and transfer him to a federal facility. Although the Marshal Service replied with this request, the BOP was under no obligation to take custody of the petitioner and maintain such custody. The state court simply does not have the authority to compel the BOP to take custody of a state prisoner. See Cozine v. Crabtree, 15 F.Supp.2d. 997, 1005 (D.Or. 1998) (state may request BOP accept a transfer of a state prison to federal custody, but cannot compel it to accept the transfer). Once the petitioner was received into federal custody, his record was reviewed and the BOP determined that primary jurisdiction remained with the state and that it was not proper to house the petitioner in a federal facility. Thus, the BOP returned the petitioner to state custody immediately upon its determination that he was erroneously in federal custody. An

erroneous designation does not constitute a waiver of primary jurisdiction for purposes of commencing a federal sentence. See Cannon v. Deboo, 5:08cv69 (N.D.W.Va. March 13, 2009) (J. Stamp) (erroneous designation to a federal facility does not operate to commence a defendant's federal sentence); Allen v. Nash, 236 Fed. Appx. 779, 2007 WL 1683567 (3d Cir. June 12, 2007) (same); Binford v. United States; 436 F.3d 1252 (10th Cir. 2006) (same); Free v. Miles, 333 F.3d 550 (5th Cir. 2003) (same). Accordingly, the BOP has properly commenced the petitioner's sentence as of November 19, 2008, the date he was released on parole from the State of Illinois.[1]

**B.     Nunc Pro Tunc Designation**

A state court's judgment does not create an entitlement to concurrent sentences. See Barden v. Keohane, 921 F.2d 476, 478 n. 4 (3d 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."). However, the BOP has the authority pursuant under to 18 U.S.C. § 3621(b) to designate the place of a prisoner's confinement and may designate a state facility as the place for service of a prisoner's federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). Therefore, in accordance with Barden, *supra*, if a prisoner requests a *nunc pro tunc* designation of his state and federal sentences, the BOP must consider his request. The BOP is not, however, obligated to grant a *nunc pro tunc* designation.

---

[1]The fact that the State of Illinois Department of Corrections and the petitioner's § 2254 federal habeas judge thought his sentences were being served concurrently is largely inapposite. As noted elsewhere herein, the State of Illinois has no authority to determine how the petitioner's federal sentence is calculated. Moreover, the petitioner's § 2254 petition challenged his state court conviction and sentence and not the BOP's calculation of his federal sentence. Thus, the precise issue raised in this case was not squarely before the § 2254 habeas court. The undersigned is also not persuaded by the fact that the petitioner was taken into USMS custody on December 5, 2001, without a writ of habeas corpus. At the time, the USMS erroneously believed that the petitioner's transfer to federal custody was proper. In that case, no writ would have been necessary.

8

In this case, the petitioner made a *nunc pro tunc* designation to the BOP. After considering the factors in 18 U.S.C. § 3621(b), the petitioner's request was denied. Resp't Ex. 1 at Att. J. Specifically, the BOP found:

> . . . we have determined the relevant factors under 18 U.S.C. § 3621(b) in this case are (2), (3), (4) and (5). Under factor (2), Mr. Thomas's [sic] instant federal offense is Conspiracy to Possess with Intent to Distribute Heroin.
> Under factor (3), the record reflects the following Illinois state convictions: November 24, 1993, he was convicted of seven counts of Armed Robbery and sentenced to 7 to 10 years and count of Manufacturing of a Controlled Substance, and sentenced to one year. October 1, 2000, he was convicted of three counts of Armed Robbery and sentenced to 20 years, and one count of Aggravated Robbery and sentenced to 20 years. October 7, 2000, he was convicted of two counts of Armed Robbery with a Firearm and sentenced to 20 years. October 13, 2000, he was convicted of one count of Armed Robbery and one count of Armed Robbery with a Firearm, and sentenced to 20 years. October 21, 2000, he was convicted of Armed Robbery with a Firearm and sentenced to 15 years. November 11, 2000, he was convicted of Armed Robbery with a Firearm, and sentenced to 20 years. October 19, 2001, he was convicted of Armed Robbery with a Firearm and sentenced to 20 years. The last case pending at the time of his federal sentence.
> Under factor (4), Pursuant to 18 U.S.C. § 3584, 'multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.' Nevertheless, the federal sentencing court was contacted for comment regarding its position on a retroactive designation. The court, in a minute order dated July 19, 2007, clarifies its intent and opposes a retroactive designation.
> Finally, under factor (5), the federal sentencing court is authorized under United States Sentencing Guidelines § 5G1.2, to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense. The federal sentencing court did not elect to exercise its discretion to order the federal sentence to run concurrent with any impending state sentence, and, based on the language referenced above, indicated the term imposed was appropriate for the offense. Based on the foregoing, it is determined that a 'nunc pro tunc' designation is not appropriate in this case.

Resp't Ex. 1 at Att. J.

In this Circuit, the Fourth Circuit has held that the plain language of 18 U.S.C. § 3584(a)

does not allow a district court to decide whether a federal sentence would be consecutive or concurrent to a state sentence that has yet been imposed. See United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006). Thus, the petitioner's federal sentence is presumptively consecutive unless the Attorney General designates a state facility for service of that sentence. See Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000). Here, the petitioner has been given an appropriate *nunc pro tunc* review and denied. In doing so, the appropriate factors under § 3621 were considered. Significantly, the petitioner has an extensive and violent criminal history. Moreover, the sentencing judge opposes a *nunc pro tunc* designation. She specifically states:

> The Federal Bureau of Prisons has asked the court to state its position regarding defendant's request that his federal sentence retroactively be designated to run from the date of imposition, to run concurrently with a 20-year term he is serving in state custody for armed robbery. In response, the court has reviewed the presentence report, the transcript of the sentencing hearing, and its judgment and committal order.
> The court clearly did not intend its 360 month sentence to run concurrently with an unrelated armed robbery offense. Defendant was convicted by a jury in this court of conspiracy to distribute 15.3 kilograms of heroin. The evidence at trial established he played a supervisory role in a major heroin distribution ring. Although he was only 30 when he was sentenced, he already had an extensive criminal history that included five prior armed robbery convictions, and two convictions for robbery. His record reflects that he is a career criminal who is a danger to the community. He was arrogant and unremorseful at sentencing. A copy of the sentencing transcript will be forwarded to the Bureau of Prisons with this order clarifying the court's position regarding defendant's request that his federal sentence for heroin trafficking run concurrently with his most recent state conviction for armed robbery.

Resp't Ex. 1 at Att. I.

Accordingly, given the circumstances of this case, the BOP did not abuse its discretion by rejecting the petitioner's request for a *nunc pro tunc* designation. Rather, the BOP exercised its own independent judgment after properly weighing the § 3621(b) factors. Accordingly, the petitioner

10

is not entitled to the credit he seeks.

C.  **Prior Custody Credit**

To the extent the petitioner seeks prior custody credit, pursuant to 18 U.S.C. § 3585(b), he is not entitled to any such credit. All of the time the petitioner spent in custody prior to November 19, 2008, has been credited to his state sentence. Resp't Ex. 1 at Att. A and K. Thus, he may not receive credit against his federal sentence for that same time. See United States v. Wilson, 503 U.S. 329, 337 (1992) (defendant may not receive "double credit" for his detention time); United States v. Brown, 977 F.2d 574 (4th Cir. 1992) (defendant may not receive credit on his federal sentence for time spent in state custody if that time has already been credited to his state sentence).

V.  **Recommendation**

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dckt. 12) be **GRANTED**, and the petitioner's § 2241 petition (dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE** from the active docket of this court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied,

467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and to counsel of record via electronic means.

DATED: March 5, 2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE